IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAZ ENCOMIENDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 8252 |
| | ) | |
| ANTHONY J. PRINCIPI, Secretary of the | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Paz Encomienda, a *pro se* plaintiff, has sued Anthony J. Principi, the Secretary of the Department of Veterans Affairs, for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Principi has moved for summary judgment. For the following reasons, the Court grants the motion.

### Facts

Encomienda had worked as a nurse in the Department of Veterans Affairs for more than twenty years when, in October 1994, she filed a complaint with the Equal Employment Opportunity Commission claiming employment discrimination. The EEOC accepted the complaint for investigation (the outcome of which is unclear based on the parties' submissions), and shortly afterwards, Encomienda went on unpaid leave for a period of years, not returning to the Department until February 2000. She filed another EEOC complaint in June 2001, and the case was referred to an administrative law judge who attempted to broker a settlement.

The parties, represented by counsel, met with the ALJ on March 26, 2003 and eventually

worked out a deal. Encomienda agreed to apply for early retirement, which would become effective on May 3, 2003, and the Department agreed to pay her the requisite early retirement benefits as well as restore, by April 19, 2003, any sick leave she had used between October 1, 1995 and February 28, 2000. The settlement agreement also provided that if Encomienda believed that the Department had not satisfied its side of the bargain, she should notify the Department's Deputy Assistant Secretary for Equal Opportunity within thirty days of the date of the alleged violation and request that the agreement be implemented. Alternatively, she could request that her EEOC complaint be reinstated. Thereafter, Encomienda could appeal to the EEOC under 29 C.F.R. § 1614.504 if she believed that the Department had not fully implemented the settlement agreement.

Encomienda says that on the day the settlement was signed, she was forced to remain at the EEOC office for more than six hours without food or water; she was not allowed to participate in the settlement negotiations; she was pressured to sign the agreement minutes before the office closed; her attorney made her believe that the judge would sanction her unless she signed; and someone (it is not clear exactly who) made her believe that she could not leave the EEOC library unless she signed.

On May 1, 2003, Encomienda's attorney wrote a letter to the Department's Director of the Office of Employment Discrimination, complaining that Encomienda's sick leave had not been restored and requesting that her EEOC complaint be reinstated at the point at which processing had ceased. The next day, the Department restored her sick leave, and her retirement status became effective the day after. The Department's Office of Resolution Management (ORM) then issued a July 2, 2003 decision in response to her May 1 letter in which it concluded

2

that the Department did not breach the settlement agreement because it timely cured the "technical breach."

Encomienda appealed the ORM decision to the EEOC Office of Federal Operations (OFO), which issued a decision dated July 20, 2004, holding that the Department was not in material breach of the settlement agreement. The OFO decision advised Encomienda that she could apply for reconsideration of the decision within thirty days of receiving it or, alternatively, file a civil action in a United States District Court within ninety days. On September 9, she requested reconsideration, but the OFO dismissed the request as untimely. Encomienda filed this lawsuit on December 22, 2004.

## Discussion

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In this motion for summary judgment, the Department does not attack Encomienda's underlying Title VII claim. It relies instead on its defense that the claim is barred by the settlement agreement. In response, Encomienda argues that the settlement agreement is unenforceable.

At the outset, the Court considers whether Encomienda has offered evidence from which a jury reasonably could find that the Department's failure to restore her sick leave by April 19 was a material breach of the settlement agreement. To determine whether a breach is material, the Court first examines the extent to which the injured party is deprived of a benefit obtained

under the contract and can be compensated for the breach and, second, the extent to which the breaching party can cure the failure and can be said to have acted in good faith. Restatement (Second) of Contracts § 241. Moreover, in determining whether a material breach relieves a non-breaching party's obligation to perform, the Court considers "the extent to which the agreement provides for performance without delay." *Id.* § 242(c); *see also Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 291 (2d Cir. 1997).

In this case, Encomienda's sick leave was restored thirteen days late and one day after she brought the issue to the attention of the Department. She has presented no evidence that she was injured by the Department's tardy performance, that the Department failed to cure the breach or acted in bad faith, or that the parties premised the agreement on performance without delay. Consequently, no jury reasonably could find that the Department's breach was material. *See Frank Felix Assocs., Ltd.,* 111 F.3d at 291 (holding that party's return of a tape drive twenty days late was not a material breach of a settlement agreement); *Malladi v. Brown*, 987 F. Supp. 893, 906 (M.D. Ala. 1997) (holding that a seven month delay in payment of attorneys' fees was not a material breach of a settlement agreement).

Encomienda next argues that the settlement agreement is voidable because she signed it involuntarily – principally because her attorney coerced her signature. Ordinarily, the validity and enforceability of a settlement agreement is governed by general principles of contract law. *See Fleming v. U.S. Postal Serv.*, 27 F.3d 259, 260 (7th Cir. 1994). When it comes to the settlement of Title VII claims, however, the Seventh Circuit adds another layer to the common law, requiring that a waiver of such a claim be knowing and voluntary. *See Pierce v. Atchinson, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 571 (7th Cir. 1995) (*Pierce I*); *Riley v. American*

4

*Family Mutual Ins. Co.*, 881 F.2d 368, 372 (7th Cir. 1989). This requirement is "consistent with the strong congressional purpose . . . to eradicate discrimination in employment." See *Pierce I*, 65 F.3d at 571.

Despite the heightened standard, the waiver of a Title VII claim is presumptively voluntary where, as here, the waiving party is represented by counsel who actively negotiates a release. *See Riley*, 881 F.2d at 374. Under these circumstances, "a plaintiff must be found to have executed the release of a settlement voluntarily and knowingly, unless vitiating circumstances such as fraud or duress existed to nullify plaintiff's assent to the settlement." *Id.* To establish duress, a plaintiff must demonstrate that a party to the transaction knew of or was responsible for the threatening conduct. *See In re Mason*, 300 B.R. 160, 167-68 (D. Conn. 2003); *Evans v. Waldorf-Astoria Corp.*, 827 F. Supp. 911, 914 (E.D.N.Y. 1993); Restatement (Second) of Contracts § 175(2). Thus, if A induces B by duress to enter a contract with C, and C promises to pay value to B in good faith, the contract cannot be rescinded on grounds of duress. *See* Restatement (Second) of Contracts § 175 at cmt. (e).

As a result, Encomienda cannot rescind her contract based on the acts of her attorney – or anyone else – unless she offers evidence that the Department knew of the threatening conduct. *See Evans*, 827 F. Supp. at 914 (holding in a Title VII case that "[d]uress by other than the opposing party to a contract cannot constitute compulsion sufficient to void the contract."); c*f. Fortino v. Quasar Co.*, 950 F.2d 389, 395 (7th Cir. 1991) (holding that an attorney's misinformation is not enough to vitiate a Title VII settlement); *Riley*, 881 F.2d at 372 (same); *Taylor v. Gordon Flesch Co.*, 793 F.2d 858, 864 (7th Cir. 1986) (same).

Encomienda has offered no evidence that the Department was responsible for or knew

5

about the alleged duress. She claims that "there was heightened pressure to sign"; that she "was made to believe that she could not leave the [EEOC] Library without signing the settlement agreement"; and that "she was without food and water" while in the library. None of these allegations demonstrate that the Department representatives participated in the alleged pressure. Consequently, no jury reasonably could find that the release was signed involuntarily.

## Conclusion

For the foregoing reasons, the Court grants Principi's motion for summary judgment [docket no. 10]. The Clerk is directed to enter judgment in favor of the defendant.

/s/ Matthew F. Kennelly
MATTHEW F. KENNELLY
United States District Judge

Date: October 21, 2005